FILED

2016 Jan-14  AM 10:14
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA SADLER, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| vs. | )    Case No. 2:15-cv-608-CLS |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Patricia Sadler, commenced this action on April 10, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ improperly evaluated her credibility and complaints of subjective symptoms.  Upon review of the record, the court concludes that these contentions lack merit, and the Commissioner's ruling is due to be affirmed.

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony of pain, "[s]he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)) (alteration supplied).

The ALJ in the present case properly applied these legal principles.  She found that claimant's medically determinable impairments could reasonably have been expected to produce the symptoms claimant alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.[1]  This conclusion was in accordance with applicable law.  *See*

---

[1] Tr. 49.

*Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

The ALJ also adequately articulated reasons to support her findings. The ALJ noted claimant's testimony that her pain management physician had wanted to increase the dosages of her medications, but she refused because she did not want to take stronger medication.[2] She also noted that claimant had informed her primary care doctor that she was doing well, was planning to help her son with her grandchildren at least two weeks out of the month, and wanted to establish an exercise routine.[3] Additionally, claimant had reported to her pain management physician in January and April of 2013 that she was doing well on her current medications.[4]

The ALJ also relied upon the report of consultative examiner Dr. Marshal Kuremsky, who observed during his examination that claimant exhibited normal gait, full grip strength, normal range of motion, and negative straight leg raising, and that she could heel-toe walk and squat without difficulty.[5] Dr. Kuremsky's final

---

[2] Tr. 47.

[3] Tr. 47, 261.

[4] Tr. 283.

[5] Tr. 48, 237.

3

impression was:

> Previous diagnosis of fibromyalgia and chronic pain, certainly not disputing this patient's subjective history and complaints regarding her pain. She expresses significant disability and debilitation from chronic pain condition. Objectively, I am unable to measure or assess this pain. Her motion and remainder of musculoskeletal examination appeared to be within normal limits and without obvious abnormality for thoracic, rib, and lumbar associated pain.[6]

The ALJ also relied upon the assessment of Dr. Cassandra Comer, the state agency medical consultant, who opined that claimant could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and walk for 6 hours during an 8-hour workday, sit for 6 hours during an 8-hour workday, and perform unlimited pushing and pulling movements. She could never climb ladders, ropes, and scaffolds, but she could occasionally climb ramps and stairs, stoop, and crawl, and she could frequently balance, kneel, and crouch. She did not have any manipulative, visual, or communicative limitations, and she did not have any environmental limitations other than avoiding concentrated exposure to vibration and hazards such as machinery and heights.[7]

Without question, the medical records demonstrate the existence of medical conditions that could cause some level of impairment. The ALJ acknowledged that

---

[6] Tr. 238. *See also* Tr. 48.

[7] Tr. 239-44. *See also* Tr. 48.

fact.[8] But it is not the mere existence of an impairment, or of a medical condition, that determines disability. Instead, the relevant consideration is the effect of claimant's impairment, or combination of impairments, on her ability to perform substantial gainful work activities. *See* 20 C.F.R. § 404.1505(a) (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)) (alteration supplied). Here, the ALJ was entitled to credit some portions of the medical evidence more than others in finding that claimant's impairments did not prevent her from performing all work activity. While claimant has presented *some* evidence — primarily in the form of her own testimony and her subjective complaints to her doctors — that her condition is disabling, the ALJ's decision that claimant is *not* disabled nonetheless is supported by *substantial* evidence, and that is all that this court must find on review.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the

---

[8] *See* Tr. 49 (acknowledging claimant's "medically determinable impairments").

decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The

Clerk is directed to close this file.

DONE this 14th day of January, 2016.

_____
United States District Judge